IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-94-137-2-L |
| | ) | CIV-05-781-L |
| JIMMY RAY JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On October 14, 1994, defendant Jimmy Ray Jones entered a plea of guilty to a one-count superseding information alleging possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On December 13, 1994, defendant was sentenced to, among other things, a 156 month term of incarceration.  Defendant filed a direct appeal and his conviction and sentence were affirmed by the United States Court of Appeals for the Tenth Circuit in April of 1996.

This matter is before the court on defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 113].  The court has considered the motion as well as defendant's Memorandum of Law submitted in support of the motion.

As his "Grounds for Relief," defendant states:

> The United States Supreme Court has held that the United States Sentencing Guidelines, sentencing enhancement provisions are, and were unconstitutional as applied, and the right to a jury determination was never lost.  The Supreme Court recognized no new rule but a structural error calling into question the integrity of the court and reaffirming "the need to preserve Sixth Amendment substance."  Movant is entitled to sentencing correction to correct the unconstitutional enhancements.

From a review of defendant's brief, it is apparent that he believes that his sentence entered pursuant to mandatorily imposed United States Sentencing Guidelines is unconstitutional under a recent line of cases including <u>Blakely v. Washington</u>, 124 S.Ct. 2431 (2004), <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

However, because defendant's conviction was already final when these cases were decided, he is not entitled to relief.  The Tenth Circuit has held that <u>Blakely</u>, <u>Booker</u>, and <u>Apprendi</u> did not announce a new rule of law made retroactive by the Supreme Court on collateral review.  *See* <u>United States v. Bellamy</u>, 411 F.3d 1182, 1186-87 (10th Cir. 2005) (concluding that "<u>Booker</u> does not apply retroactively to initial habeas petitions"); <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir. 2005) (holding that "<u>Blakely</u> does not apply retroactively to convictions that were already final at the time the [Supreme] Court decided <u>Blakely</u>, June 24, 2004."); <u>United States v. Mora</u>, 293 F.3d 1213 (10th Cir. 2002) (<u>Apprendi</u> is not retroactively applicable to initial habeas petitions).

Therefore, defendant's arguments are foreclosed by controlling Tenth Circuit precedent.  Accordingly, defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Doc. No. 113]** is **DENIED.**

It is so ordered this 15th day of August, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge